IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:   TRITON 88, LP | § | Case No. 11-33185-H4-11 |
| | § | |
| Debtor(s) | § | Chapter 11 |

**EMERGENCY MOTION FOR STAR ELECTRIC TO SHOW CAUSE WHY THE AUTOMATIC STAY UNDER 11 U.S.C. §362(A) WAS NOT VIOLATED**

**THE DEBTOR HAS REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION ACCORDINGLY, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.  IF THE COURT SETS THIS MOTION FOR AN EMERGENCY HEARING, THEN ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Triton 88, LP ("Debtor" or "Debtor-in-possession"), and hereby makes this Emergency Motion for Star Electricity, LLC dba StarTex Power ("StarTex") to Show Cause Why the Automatic Stay Under 11 U.S.C. §362(A) Was Not Violated and would show this court as

follows:

1. Debtor filed a voluntary petition for relief on April 6, 2011, under Chapter 11 of Title 11, United States Code 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"). The Debtor's case is pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2. The Debtor is a Texas limited partnership. The Debtor owns and operated multiple office buildings with addresses of 7151 Office City Drive, 7135 Office City Drive, 7141 Office City Drive, 7007 Gulf Freeway, and 7015 Gulf Freeway, Houston, Texas 77087. The office buildings are located on 10.2667 acres or 447,218 square feet of land being Tracks 2B and 2C Block 2, Track A2 and A3, Block 3 and Tract A, Block 4, Commerce Central, Section 1, Houston, Harris County, Texas (collectively, the "Property").

3. The general partner of the Debtor is Triton 2000, LLC. Triton 2000, LLC is a Texas limited liability company (the "General Partner" or "Triton 2000").

4. StarTex obtained a summary judgment against the Debtor in the 190th State District Court in Harris County, Texas.

5. On or about July 28, 2010, StarTex obtained an Order Appointing Receiver in the 190th Judicial Court of Harris County, Texas under Cause No. 2010-58846 (the "Receivership Order").

6. After the filing of the chapter 11 petition for the Debtor, the undersigned counsel for the Debtor has received calls from multiple attorneys informing him that actions occurred in the 190th State Court on the afternoon of Thursday, April 7, 2011, involving the Debtor and the General Partner.

7. According to the attorneys who contacted the undersigned, the State Court, at the request of

        StarTex, apparently removed the Debtor from the pending state court case and may have entered an order that attempts to place the receiver in control of the General Partner and thus in control of the bankruptcy case of the Debtor.

8.       Triton 2000, LLL, has an equitable interest in the Debtor as the general partner of the Debtor.

9.       The actions of StarTex appear to be a continuing effort to collect on a state court judgment against the Debtor, all of which is a direct and willful violation of 11 U.S.C. §362(a).

10.      StarTex had knowledge of the chapter 11 bankruptcy filing of the Debtor. On the morning of April 7, 2011, Ron Drinnin, the attorney for StarTex, contacted the undersigned to inquire as to the bankruptcy case of the Debtor. Mr. Drinnin was well aware of the bankruptcy filing of the Debtor. Further, the undersigned has also been informed that StarTex had a bankruptcy attorney at the state court yesterday.

11.      No notice of the state court hearing or the actions in state court were provided to the undersigned. No approval for the actions of StarTex has been obtained from this bankruptcy court.

1.       The receiver of the Debtor, James Raymond, has been operating the Property since last summer. The Debtor has not received recent information as to the operations of the Property.

2.       The Debtor has been involved in efforts to resolve the issues with StarTex but has had no success.

3.       The receiver apparently obtained an earnest money contract to sell the Property. According to the attorney for the secured lender, who contacted the undersigned this morning, the proposed sale is scheduled to close *next Tuesday*. The proposed price for the Property is apparently $5,900,000, which may be sufficient to pay the first lienholder and StarTex. To

the knowledge of the Debtor, the first lienholder is owed approximately $5,300,000. The Debtor believes that the value of the Property is significantly higher than the alleged sales price.[1]

4. Apparently, StarTex believes that the receiver can take control of the Debtor and then authorize the sale of the Property next Tuesday. The receiver and StarTex appear to be moving forward on the continuing collection efforts notwithstanding the chapter 11 filing of the Debtor.

5. The actions of StarTex in attempting to circumvent the chapter 11 filing of the Debtor are an attempt to seize and sell property of the estate during an ongoing bankruptcy case. Whether the actions are in violation of the automatic stay or not, the Fifth Circuit has made abundantly clear that the bankruptcy court has the sole ability to determine what actions can be taken and what actions may not be taken. *In re: Chestnut*, 422 F. 3d 298 (5th Cir. 2005).

6. The Debtor believes that the actions of StarTex are a willful violation of the automatic stay. The actions apparently are designed to allow the sale of the property of the estate without bankruptcy court supervision or control.

7. The Property is property of the estate. A receiver appointed by the state court for the general partner cannot authorize the sale of property of the estate without court supervision. A receiver appointed by a state court does not own the general partner. A receiver is an agent appointed for purposed of collection of judgments, not a person with complete authority of the entity for all purposes.

---

[1] The Property had significant damage from Hurricane Ike. The Property is approximately 60% leased at this time, but apparently is generating sufficient income to pay the first lienholder, operating expenses, maintenance expenses and other ongoing costs.

4

8. If the actions attempted by StarTex are permitted, the effect of such actions will be to eliminate the ability of entities to file bankruptcy cases upon the entry of a judgment and the appointment of a receiver in a state court case.  Removing the Debtor from the state court case does not allow StarTex to go forward with actions that will result in collection of a judgment by the sale of property of the estate.

9. The attorneys that have contacted the undersigned are willing to inform this court as to the actions that occurred in state court on Thursday, April 7, 2011.

10. Triton 2000, has filed a separate bankruptcy petition under Case no. 11-33227.  Triton 2000 filed on April 8, 2011.

WHEREFORE, Debtor requests that this court conduct an emergency hearing on this motion for order to show cause, that this court enter an order finding that StarTex has violated 11 U.S.C. §362(a), enter an order directing StarTex and James Raymond, the receiver, to cease and desist from all further activities against the Debtor and the General Partner unless permitted by this court, and for such other and further relief as is just and equitable.

[Remainder of page intentionally left blank]

**STATEMENT OF REESE BAKER**

I declare under penalty of perjury that I have read and reviewed the foregoing motion. The information contained above is true and correct. An emergency hearing is necessary.

*/s/ Reese W. Baker*
Reese W. Baker

Dated: April 8, 2011

                                            Respectfully submitted,

                                            */s/ Reese W. Baker*
                                            Reese W. Baker
                                            Texas Bar No. 01587700
                                            Baker & Associates
                                            5151 Katy Freeway, Suite 200
                                            Houston, Texas 77049
                                            713-869-9200
                                            713-869-9100 (fax)
                                            ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that this Motion and accompanying proposed order are being served on April 8, 2011, by ECF/CM by the Clerk of the Court to all parties receiving electronic service or by U.S. Mail (or fax, if available) to all parties listed on Exhibit A, attached hereto.

I further certify under penalty of perjury that this motion and accompanying order are being served on or about April 8, 2011, by electronic service by the Clerk of the Court on the United States Trustee, 515 Rusk, Suite 3516, Houston, Texas 77002.

*/s/ Reese W. Baker*
Reese W. Baker

EXHIBIT A

Rodney Drinnon
Drinnon & Wright
4544 Post Oak Place, Suite 350
Houston, Texas  77027
Counsel for Star Electricity Inc
Fax

Ron Frank
7026 Old Katy Road, Suite 259
Houston, Texas  77024
Counsel for Mattox, Terrell and Associates

Jeffry Lucas
1251 Pin Oak Road, Suite 13
Katy, Texas  77494
Counsel for Michael Gary

Brian Gaudet
Coates, Rose, Yale Ryman and Lee
2600 South Shore Blvd, Suite 200
League City, Texas  77573
Counsel for Needham Roofing

Glenn LeMay
1900 West Loop South, Suite 100
Houston, Texas  77027
Counsel for A/W Mechanical Services

James Raymond
6305 Rodrigo
Houston, Texas  77007

Mark Aschermann
6300 West Loop South, Suite 341
Bellaire, Texas  774010
Counsel for Martin Landscape Management

Tonya M. Felix
2200 North Loop West, Suite 220
Houston, Texas  77018
Counsel for O'Connor and Associates

Millard A. Johnson
Johnson DeLuca Kennedy and Kurisky
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, Texas 77010
Fax 713-652-5130
Counsel for American Strategic Income Portfolio Inc.