UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br>TRITON 88, L.P., Debtor in Possession | CASE NO. 11-33185-H4-11<br>CHAPTER 11 |

## MOTION TO STRIKE
## BJVSD'S UNTIMELY RESPONSE TO MOTION FOR RELIEF

This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, **AMERICAN STRATEGIC INCOME PORTFOLIO, INC.-II, its respective successors and/or assigns** ("Movant"), a secured creditor and party in interest, to file this Motion to Strike BJVSD's Untimely Response to Motion for Relief filed on June 13, 2011, at Docket No. 62 and in support thereof, Movant would show the Court as follows:

### RELIEF REQUESTED

1. Movant requests that BJVSD's untimely Response [Docket No. 62] to Movant's Motion for Relief be stricken on the grounds that it was not timely filed pursuant to Local Rule 4001-1 and the negative notice clearly language set forth in the Motion for Relief.

### JURISDICTION

2. This Court has jurisdiction of this Motion by virtue of 11 U.S.C. §§105, 361, 362, and 28 U.S.C. §§1334 and 157, Local Rule 4001-1, and all other applicable rules and statutes affecting the jurisdiction of Bankruptcy Courts generally.

## PROCEDURAL HISTORY

3. On May 23, 2011, Movant filed its Motion for Relief from Automatic Stay (the "Motion"). In accordance with Local Rules, the Motion clearly and conspicuously contained the following negative notice language:

> "THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF YOU OBJECT TO THE GRANTING OF RELIEF FROM THE AUTOMATIC STAY, YOU SHOULD CONTACT THE MOVANT IMMEDIATELY TO TRY TO REACH AN AGREEMENT. IF YOU CANNOT REACH AN AGREEMENT, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT **NOT LATER THAN JUNE 7,2011**, AND YOU MUST ATTEND THE HEARING. THE COPY SENT TO THE MOVANT MUST BE DELIVERED BY HAND OR ELECTRONIC DELIVERY IF IT IS SENT LESS THAN FIVE BUSINESS DAYS PRIOR TO THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE HEARING MAY BE AN EVIDENTIARY HEARING AND THE COURT MAY GRANT OR DENY RELIEF FROM THE STAY BASED ON THE EVIDENCE PRESENTED AT THIS HEARING. **THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON JUNE 14, 2011, AT 9:00 A.M. IN COURTROOM 600, 6TH FLOOR, UNITED STATES COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**"

4. June 7, 2011, was the deadline to file a written response to Movant's Motion for Relief.

5. On June 7, 2011, Star Electricity, through attorney Rodney Drinnon, filed its Objection to Movant's Motion for Relief. [Docket No. 52]

6. On June 7, 2011, Debtor in Possession, through attorney Elizabeth Freeman, filed its Response to Movant's Motion for Relief. [Docket No. 53]

7. No other creditor or interested party filed an objection within the time prescribed by negative notice stated in the Motion and in the Local Rules.

8. On June 13, 2011, one day before the preliminary hearing on Movant's Motion for Relief, BJVSD, through attorney Reese Baker, filed its untimely Response to Movant's Motion for Relief. [Docket No. 62]

9.  On May 23, 2011, Movant served its Motion for Relief, and attorney Reese Baker was served with the Motion via electronic service through the Court's CM/ECF system as well as via regular First Class Mail.

10. BJVSD's Response to Movant's Motion for Relief is not timely and should be stricken and accordingly should not be permitted to object to Movant's Motion for Relief at this time.

## ARGUMENT

11. Unless this Motion is granted, BJVSD will be unjustly afforded the opportunity to object and proceed in this matter, and an abuse of the processes of this Court will be wrongly rewarded.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant respectfully prays that the Court grant Movant's Motion to Strike and strike BJVSD's untimely Response from the record in this case. Movant further prays that this Court award Movant such other and further relief at law, and in equity, as is just.

Respectfully submitted,

By: _____
Millard A. Johnson / TBA No. 10772500
Richard L. Spencer / TBA No. 18925400
Branch M. Sheppard / TBA No. 24033057
Johnson DeLuca Kurisky & Gould, P.C.
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525
(713) 652-5130  (Facsimile)
**ATTORNEYS FOR MOVANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion to Strike BJVSD's Untimely Response to Motion for Relief from Automatic Stay* has been served upon the parties below via electronic means through the Court's CM/ECF system or by pre-paid regular first class U.S. Mail as indicated below on July 11, 2011.

_____
Branch M. Sheppard

**DEBTOR'S ATTORNEY (via electronic notice)**
DAVID R. JONES
PORTER & HEDGES, LLP
1000 MAIN STREET, 36TH FLOOR
HOUSTON, TX 77002

**U. S. TRUSTEE (via electronic notice)**
U.S. TRUSTEE
515 RUSK AVE., SUITE 3516
HOUSTON, TX 77002

**DEBTOR IN POSSESSION (via regular mail)**
TRITON 88, L.P.
C/O DYLAN BIRD
P.O. BOX 7418
CAPISTRANO BEACH, CA 92624

**PARTIES REQUESTING NOTICE (via electronic notice if so designated for receipt of such in CM/ECF)**
JOHN DILLMAN
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
1301 TRAVIS, SUITE 300
HOUSTON, TX 77002

MATTHEW KEVIN POWERS
50 BRIAR HOLLOW LANE, SUITE 105W
HOUSTON, TX 77008

RODNEY L. DRINNON
DRINNON WRIGHT, PLLC
4544 POST OAK PLACE DRIVE, SUITE 350
HOUSTON, TX 77027

REESE BAKER
BAKER & ASSOCIATES
5151 KATY FREEWAY, SUITE 200
HOUSTON, TEXAS 77007